CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| COLETTE M. WILCOX, | ) | |
| Plaintiff, | ) | Case No. 7:17-cv-000530 |
| v. | ) | |
| NATHAN H. LYONS, ESQ., et al., | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Colette M. Wilcox filed this employment action pursuant to 42 U.S.C. § 1983, alleging violations of her Equal Protection rights under the Fourteenth Amendment to the United States Constitution. Defendants moved to dismiss Wilcox's claims. The court held a hearing on defendants' motions to dismiss on March 22, 2018. The following day, it entered an order dismissing with prejudice Wilcox's claims against Carroll County as well as her hostile work environment claim (Count III) against defendants Nathan H. Lyons, Esq. and Phillip C. Steele, Esq. The court dismissed Wilcox's sex discrimination (Count I), retaliation (Count II) and deprivation of liberty interest (Count IV) claims without prejudice and gave her leave to amend. The state law battery claim against defendant Steele (Count V) survived the motion to dismiss.

Wilcox now moves to amend her complaint and for reconsideration of the court's order as regards Count II, alleging retaliation. She seeks leave to amend her complaint to assert additional allegations supporting her claim for deprivation of liberty interest, which the court already granted in its March 23 order, to reassert her battery claim, and to reassert her

retaliation claim *without* amending the relevant factual allegations. The proposed amended complaint does not include a claim for sex discrimination.

As regards the retaliation claim, Wilcox asks the court to reconsider its March 23 ruling, arguing she has alleged a claim for relief sufficient to survive a challenge pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Wilcox posits that her burden of establishing a prima facie case of retaliation at this stage is not onerous, and her allegation of temporal proximity alone is enough to establish a causal connection between the protected activity and the adverse employment action and therefore state a valid claim for retaliation. The court disagrees and, as such, will **GRANT in part** and **DENY in part** Wilcox's motion to amend and **DENY** her motion for reconsideration.

### I.

Pursuant to Rule 54(b), the court has the power to reconsider and modify its interlocutory orders that resolve fewer than all claims "at any time before the entry of a judgment adjudicating all the claims and all the parties' right and liabilities." Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Accordingly, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, 326 F.3d at 514. At plaintiff's request, the court will review its prior ruling in light of the argument she raises.

### II.

Plaintiff presumes that her retaliation claim alleging adverse action on account of her

complaint of discrimination is actionable under § 1983 as a violation of the Equal Protection Clause of the Fourteenth Amendment—but that fact is far from certain. While the Fourth Circuit in Holder v. City of Raleigh, 867 F.2d 823, 828 (4th Cir. 1989), held state employees could bring Fourteenth Amendment challenges under § 1983 to discriminatory employment decisions, rather than relying exclusively on Title VII, Holder does not speak specifically to retaliation claims. Ten years later, the Fourth Circuit addressed retaliation claims in the context of § 1983 and stated Edwards v. City of Goldsboro that a "pure or generic retaliation claim . . . simply does not implicate the Equal Protection Clause." 178 F.3d 231, 250 (4th Cir. 1999); see also Martin v. Duffy, 858 F.3d 239 (4th Cir. 2017) (holding plaintiff's equal protection claim was best characterized as a rewording of his First Amendment retaliation claim and, in such circumstances, generic retaliation claims do not implicate the Equal Protection Clause, citing Edwards). District courts have since relied on Edwards in holding the Fourth Circuit does not recognize generic retaliation claims based on equal protection. See, e.g., Phillips v. Mabe, 367 F. Supp. 2d 861, 871 (M.D.N.C. 2005); Johnson v. Scott Cnty. Sch. Bd., No. 2:12cv00010, 2012 WL 4458150, at * (W.D. Va. July 31, 2012) (James, J.). Instead, courts have found retaliation claims are more properly alleged under the constitution's First Amendment protections. See, e.g., White v. Gaston County Board of Education, No. 3:16-cv-00552, 2017 WL 220134, at *3 (W.D.N.C. Jan. 18, 2017) (retaliation claim properly asserted under § 1983 as violation of First Amendment, rather than Fourteenth Amendment); Knox v. Mayor & City Council Baltimore City, No. JKB-17-1384, 2017 WL 5903709 (D. Md. Nov. 29, 2017) (citing Edwards and holding retaliation claim not violation of right to equal protection, rather it "'is clearly established as a *first amendment* right

3

and as a *statutory* right under Title VII; but no clearly established right exists under the *equal protection* clause to be free from retaliation.'"). Wilcox asserts no First Amendment claim of retaliation here.

The court notes that at least one circuit has recently changed its stance on this issue. In Vega v. Hempstead Union Free School District, the Second Circuit acknowledged the "considerable confusion surrounding the viability of retaliation claims under § 1983" and clarified that "retaliation claims alleging an adverse action because of a complaint of discrimination are actionable under § 1983" alleging a violation of the Equal Protection Clause. 801 F.3d 72, 80 (2d Cir. 2015). The Second Circuit reasoned that an employer's retaliatory action in response to an employee's participation in a discrimination investigation and proceedings constituted an impermissible reason to treat an employee differently for purposes of the Equal Protection Clause. Id. at 81-82. The court further remarked that retaliation is a form of discrimination and, as it has recognized that an equal protection claim parallels a Title VII claim, it found no good reason to deviate from this principle for retaliation claims, when the retaliatory action is taken because a plaintiff complains of or opposes discrimination. Id. at 82.

It is unclear whether the Fourth Circuit would adopt the reasoning of the Second Circuit in Vega and find a retaliation claim brought pursuant to § 1983 and the Equal Protection Clause is viable. The court need not reach that issue, however, as Wilcox has failed to state a prima facie case for retaliation under the Title VII framework, even assuming it is applicable here.

4

## III.

To establish a prima facie case of retaliation, Wilcox must show: (i) "that [she] engaged in protected activity," (ii) "that [her employer] took adverse action against [her]," and (iii) "that a causal relationship existed between the protected activity and the adverse employment activity." Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015). The court held that Wilcox failed to satisfy the third causation element and gave her leave to amend. In her motion for reconsideration, Wilcox argues she need not amend, as her allegation as to temporal proximity is alone sufficient to state a prima facie case for retaliation.

Wilcox's allegations plainly satisfy the first and second elements of a retaliation claim. She alleges she engaged in protected activity by complaining about the alleged discrimination and hostile work environment and that she suffered adverse employment action as a result. Am. Compl., ECF No. 26-1, at ¶¶ 92, 94. As regards the causal link, Wilcox "relies heavily on temporal proximity"—the two-and-a-half month time span between her November 30, 2015 protected activity and her February 17, 2016 termination. Mot. to Reconsider, ECF No. 25, at 4-5.

"The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[.]'" Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citations omitted). While there is no "bright temporal line," case law from the Fourth Circuit suggests that two-and-a-half months between the protected activity and the adverse action is too long to establish

5

causation by temporal proximity alone. See King v. Rumsfeld, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (two months and two weeks "sufficiently long so as to weaken significantly the inference of causation between the two events"); Horne v. Reznick Fedder & Silverman, 154 F. App'x 361, 364 (4th Cir. 2005) (holding district court did not err in granting summary judgment in defendant's favor on retaliation claim, as plaintiff's only evidence of causation was that she was fired two months after discrimination complaint, citing King); see also Perry v. Kappos, 489 F. App'x 637, 643 (4th Cir. 2012) (holding three month lapse too long to establish causation, without more); Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x 229, 233 (4th Cir. 2006) (three to four month separation between termination and claimed protected activity too long to establish a causal connection by temporal proximity alone); Wilson v. City of Gaithersburg, 121 F. Supp. 3d 478, 485 (D. Md. 2015) (lapse of more than three months too long a period to establish a causal relationship on temporal proximity alone); cf. Foster v. Univ. of Md., 787 F.3d 243, 247 (4th Cir. 2015) (complaints of discrimination one month prior to termination sufficient to create a jury question regarding causation prong of prima facie case); Jenkins v. Gaylord Entertainment Co., 840 F. Supp. 2d 873, 881 (D. Md. 2012) (two-day span between opposition activity and suspension was "very close" and sufficient to state a cognizable causation claim).

Wilcox cites several cases from the Fourth Circuit in support of her position that the two-and-a-half month time lapse is sufficient to establish a causal link and state a prima facie case of retaliation. See Mot. to Reconsider, ECF No. 25, at 4-5. Two of these cases do not help the plaintiff. In Penley v. McDowell County Board of Education, 876 F.3d 646, 656 (4th Cir. 2017), the Fourth Circuit held "[s]tanding alone, knowledge [of protected speech]

6

eight to nine months prior [to adverse action] is not 'very close,'" and was too distant to raise an inference of causation. Another case cited by Wilcox, Price v. Thompson, is a failure-to-hire case. There, the Fourth Circuit held plaintiff had established a prima facie case of retaliation because a reasonable trier of fact could conclude that defendant knew plaintiff had engaged in protected activity and declined to hire him at the first available opportunity. 380 F.3d 209, 213 (4th Cir. 2004). Neither of these cases is on point.

Wilcox relies primarily on Williams v. Cerberonics, 871 F.2d 452 (4th Cir. 1989) and King v. Rumsfeld, 328 F.3d 145 (4th Cir. 2003), both of which are factually distinguishable. In Williams, the court held that plaintiff had "satisfied the less onerous burden of making a prima facie case of causality," but ultimately determined the evidence did not support the inference that the probable "but for" motive behind Williams' discharge was retaliation. Id. at 457, 459. Williams filed a discrimination complaint on November 4. She was placed on probation on January 6, but her supervisor was not aware of the discrimination charge at the time he made that decision. Id. at 454. By the time she was terminated on February 22, her supervisors were aware of the discrimination charge. Although it is unclear when Williams' supervisors became aware of the discrimination complaint, the time span between the protected activity and the adverse action was somewhere around six weeks—less than the two and a half months at issue in the instant case.

The plaintiff in King, a teacher for the Department of Defense Dependent Schools, was fired two months and two weeks after his superior was notified that King had filed an EEO complaint. The Fourth Circuit stated in a footnote that this length of time "is sufficiently long so as to weaken significantly the inference of causation between the two

7

events." 328 F.3d at 151 n.5. Nevertheless, the court went on to hold that King had made out a prima facie case of retaliation. The court explained:

> Yet, in the context of this particular employment situation, this length of time does not undercut the inference of causation enough to render King's prima facie claim unsuccessful. Here, [King's superiors] committed to ongoing reviews of King's performance that set the end of the academic school year as the natural decision point, thus making likely that any discharge, lawful or unlawful, would come at that time.

Id. It is clear in King that the Fourth Circuit's determination that a two-and-a-half month time lapse gave rise to a sufficient inference of causation given the facts of that particular case, where the natural decision point was the end of the academic year. There is no comparable decision point in the instant case.

In short, the case law cited by Wilcox gives the court no reason to reconsider its prior ruling as to her retaliation claim. This case does not involve the kind of "very close" time span between protected activity and adverse action that gives rise to an inference of causation and establishes a prima facie case of retaliation. "In cases where 'temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus.'" Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007). There is no such retaliatory animus alleged in the instant case. The only other allegation Wilcox advances in support of her retaliation claim is that co-workers Felts and Jones distanced themselves from her in December 2015. See Am. Compl., ECF No. 26-1, at 41. As neither Felts nor Jones was the decision maker here, this allegation is simply not probative of retaliatory animus.

## IV.

For these reasons, the court will **DENY** Wilcox's motion for reconsideration of its prior dismissal of her retaliation claim. The court will **GRANT in part** Wilcox's motion to amend and direct the Clerk to file the proposed amended complaint on the docket. However, because Wilcox did not amend her claim for retaliation, Count I of the proposed amended complaint will be **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, consistent with the court's March 23, 2018 ruling.

An appropriate Order will be entered.

ENTERED: 04-25-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge