IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| COLETTE MARIE WILCOX | ) |
| Plaintiff, | ) |
| v. | ) |
| NATHAN H. LYONS, ESQ., individually, and | ) Civil Action No. 7:17cv530 |
| In his official capacity as Commonwealth Attorney for Carroll County, Virginia, | ) |
| AND | ) |
| PHILLIP C. STEELE, ESQ., individually, and In his official capacity as A Deputy Commonwealth Attorney For Carroll County, Virginia | ) |
| AND | ) |
| CARROLL COUNTY, VIRGINIA | ) |
| Defendants | ) |

**RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**DENIALS, AFFIRMATIVE DEFENSES**

**AND FED. R. 12 (b) (6)**

DENIALS

(A)

1

As to the First Amended Complaint of Plaintiff Colette Marie Wilcox, Defendant, Commonwealth Attorney Nathan Lyons admits the following of the 122 paragraphs of the First Amended Complaint: 4, 5, 6, 8, 9, 10, 11, 33 (up until the word "detailing") 34 (1st and last sentence) and 46 (but only last sentence), 64, 103.

Commonwealth Attorney Lyons lacks sufficient knowledge and/or information as to First Amended Complaint Paragraphs 3, 7, 8, 12-31, 16, 38-45, 107, and 108.

Commonwealth Attorney Lyons denies the remainder of the First Amended Complaint.

## DENIALS

### (B)

As to the new Amended Complaint of Plaintiff Wilcox, Defendant Assistant Commonwealth Attorney Phillip Steele admits the following of the 122 paragraphs of the First Amended Complaint: 4- 6, 9-13, 15, 42 (last sentence only), 46 (but only the last 15 words).

Assistant Commonwealth's Attorney Steele lacks sufficient knowledge and/or information as to the First Amended Complaint paragraphs 3, 7, 8, 13, 14, 16, 17, 20, 25, 27, 29, 30-37, 40, 41, 43, 47-74, 100-102, 103, 104-111 and 115-116.

2

Assistant Commonwealth Attorney Steele denies the remainder of the First Amended Complaint.

## B.

## AFFIRMATIVE DEFENSES AND FED R. 12 (b) (6)

The Plaintiff, Mrs. Wilcox, has in this First Amended Complaint failed to state a claim upon which relief can be granted (Fed. R. 12 (b) (6). See also Fed. R. 8. The reasons being as follows.

(1)

Deprivation of Liberty Interest

Count 1 (pages 11-13) of this Amended Complaint has by the Court (Doc. 33) been dismissed Pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure consistent with the Court's March 23, 2018 Ruling, Document 22.

The First Amended Complaint has as its Count II the allegation of Deprivation of Liberty Interest against Defendant Commonwealth Attorney Lyons.

The claim being made by Ms. Wilcox is a deprivation of a liberty interest, an interest to be found in the Fourth Amendment U.S. Constitution Section 1 where it is stated that "…nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny any person within the jurisdiction the equal protection of the laws."

There is certainly no deprivation of liberty interest as to Ms. Wilcox. For she on May 5, 2014 signed her "Employment Terms and Conditions", accepting employment with the Carroll County Commonwealth's Attorney's Office under the terms and conditions. And to those Employment Terms and Conditions agreed to by Ms. Wilcox are these:

- *I fully realize and agree that the Commonwealth's Attorney of Carroll county is an elected Constitutional Officer and in accepting employment that I am an appointed employee of the Commonwealth's Attorney.*

- *I fully realize and agree that I serve at the will and pleasure of the Commonwealth's Attorney of Carroll County, a Constitutional Officer and that I have no property interest in my job as an employee.*

- *I fully realize and agree that I may be released from this employment at any time by the Commonwealth's Attorney of Carroll County and that I may be released with or without cause and that if released from employment that I will not be entitled to any statement of cause of reason.*

- *I agree to work under the supervision of the Commonwealth's Attorney of Carroll County and to abide by any and all Rules and Regulations, General, Special or other orders promulgated by the Commonwealth's Attorney or any other supervisor appointed by the Commonwealth's Attorney.*

See Exhibit A.

In her First Amended Complaint Ms. Wilcox states in paragraph 111 the following:

> The false accusation of insubordination has made it difficult, if not impossible for Ms. Wilcox to be employed as an attorney in Carroll County, or surrounding counties.

Then Ms. Wilcox follows up paragraph 111 with the following paragraph (112).

> Defendant Lyons perpetrated this stigmatizing occurrence by filing public documents and arguing through counsel in open court that Ms. Wilcox was unfit for her job and had engaged in misconduct and insubordination.

The Supreme Court case *Bishop v. Wood* states that when any communication is made in the course of a judicial proceeding which did not commence until after petitioner had suffered the injury for which he seeks redress

5

it surely cannot provide retroactive support for his claim. *Bishop v. Wood,* 426 U.S. 341, 348 (1976). Ms. Wilcox's allegation of a Deprivation of Liberty Interests is (1) a judicial proceeding and (2) is a judicial proceeding opened and <u>filed by Ms. Wilcox against the County of Carroll</u>. The originator and claimant Wilcox set out a VEC claim for unemployment compensation. The claimant being Ms. Wilcox and the employer being the County of Carroll. The County of Carroll, Virginia, by counsel, Michael Bedsaul pursuant to Virginia Code §60.2-625 petitioned for a judicial review of the September 12, 2016 decision of the Virginia Employment Commission, decision number UI-120560-C, reversing a decision of the VEC Appeal's Examiner and qualifying the claimant, Colette M. Wilcox, for benefits. There was a hearing at/in the Circuit Court for the County of Carroll on May 26, 2017 before the Circuit Court Judge, the Honorable David A. Melesco. The claimant's attorney was Thomas E. Strelka and the attorney for the County of Carroll, was Michael R. Bedsaul of Sanders, Anderson, P.C. . The May 26, 2017 , Judge Melesco's Order awarded the unemployment benefits to the claimant Ms. Wilcox. The unemployment benefits affirmed though originally they were not affirmed.

    A copy of the <u>Petition for the Judicial Review</u> filed by the County of Carroll against the Virginia Employment Commission having to do with the claimant Colette M. Wilcox is Exhibit B. And Exhibit C is a copy of the Order by Judge

6

Case 7:17-cv-00530-MFU-RSB   Document 35   Filed 05/09/18   Page 6 of 16   Pageid#: 326

Melesco with the County of Carroll being the Petitioner and the Virginia Employment Commission and Colette M. Wilcox being the respondents. The Order which clearly states that the claimant was Ms. Wilcox.

And Exhibit D is a letter dated September 21, 2016 to the Court and Virginia Employment Commission which was filed and validated on October 12, 2016 which clearly states that the claimant is Ms. Wilcox and the employer is the County of Carroll. In the second paragraph of the letter dated September 21, 2016 (Exhibit D) the Attorney Mr. Bedsaul, representing the County of Carroll, sets forth what the VEC Special Commissioner had concluded, namely that "the employer's request that the claimant sign a warning Memo was not reasonable…because there was no space for employee remarks and she was not invited or even informed that she could submit a written statement which would accompany the warning memo in her personal file." See Exhibit D. And this appears to be the long and short of the controversy between the County of Carroll and the VEC.

So not only is the VEC claimant Plaintiff Wilcox and not the Defendants Commonwealth Attorney Nathan Lyons nor Assistant Attorney Phillip Steele, the employer is the County of Carroll.

The Count II (Liberty Interest) which the Plaintiff alleges is presented in bad faith. The Plaintiff Wilcox is alleging allegations on how Defendant Lyons filed

7

documents in the Carroll County Circuit Court. Not only is this false but the Plaintiff has said nothing of the fact that she, Ms. Wilcox, and not Commonwealth Attorney Nathan Lyons was the Claimant against, the Virginia Employment Commission. Stated differently, it is Plaintiff Wilcox who made the communications in the course of a judicial proceeding. Such being the law as set forth by the United States Supreme Court in *Bishop v. Wood,* 426 U.S. 341, 348 (1976). The Plaintiff knew that she was the claimant and she knew that the claimant was not either of the defendants and she and/or her attorney knew that the documents about which she speaks were documents brought in to the County of Carroll, Virginia Court with the Petitioner being the County of Carroll and not the Defendants.

    Certainly Ms. Wilcox has conducted herself with the due process of law and equal protection of the laws. As stated earlier, she signed due process of the law, Exhibit A and yes, she secured additional due process of law and protection of the law by hiring her attorney having the lawyers addressing due process of the laws. Ms. Wilcox was represented by the Strelka Law Office and the VEC, the Virginia Employment Commission, was represented by Assistant Attorney General Elizabeth B. Peay and the County of Carroll, Virginia was represented by attorney Michael R. Bedsaul of Sands, Anderson, P.C.

In addition the due process and the equal protection of the laws is supported by the Carroll County Circuit Court which sealed 314 pages of VEC record of proceedings.

See the attached Exhibit E, the Carroll County Circuit Court document as to Pleadings and Orders; the Petition for Judicial Review Exhibit B; the Brief in Opposition of Petition by [the VEC attorney] Wilcox's attorney (Exhibit F) and the VEC Attorney Elizabeth Peay (Exhibit G) and County of Carroll Attorney Bedsaul (Exhibit D) and Judge's Order (Exhibit C).

Ms. Wilcox by her attorney presented to the Court the PROCEDURAL HISTORY as to Ms. Wilcox. It begins like this: "After her termination from the Carroll County Commonwealth Attorney's Office, Ms. Wilcox filed a VEC claim for unemployment insurance benefits on February 18, 2016. Both Ms. Wilcox and Carroll County submitted statements regarding Ms. Wilcox's termination. The VEC conducted a fact-find interview on March 14, 2016 and later disqualified Ms. Wilcox for benefits, effective February 14, 2016 finding that she was "discharged due to misconduct in connection with work." On March 24, 2016 Ms. Wilcox appealed the VEC decision. And after a second fact finding interview held on May 9, 2016 the VEC affirms its decision on May 10, 2016. After which Ms. Wilcox appealed the VEC's decision on May 31, 2016. And a hearing occurred on August 17, 2016 and then on September 12, 2016 the VEC reversed its decision and

qualified Ms. Wilcox for benefits. And then on September 21, 2016 Carroll County appealed the VEC's finding to the Circuit Court of Carroll County. See pages 1 and 2 of Exhibit F. What more due process and protection of law could she get? None. The Defendants respectfully assert. But Ms. Wilcox is <u>knowingly and intentionally</u> <u>intended to deny</u> Commonwealth Attorney Nathan Lyons his due process and the protection of the law. Ms. Wilcox's paragraph's 76-81 and 100-117 are tied together to falsely allege that

> Specifically, Defendant Lyons petitioned the Circuit Court of Carrol County to overturn an award of unemployment benefits granted her by the Virginia Employment Commission. (See Case No. Cl 16-268). (paragraph 76)
>
> Within the publicly filed pleadings and within open court, Defendant Lyons raised the following issues:…(paragraph 78)
>
> Defendant Lyons perpetrated this stigmatizing occurrence by filing public documents and arguing through counsel in open court that Ms. Wilcox was unfit for her job and had engaged in misconduct and insubordination. (paragraph 111)

The allegations of the Plaintiff Wilcox as to Count II are just absolutely contrary to the facts , facts indeed Ms. Wilcox and her attorney know to be false.

(2)

Count III common law battery against Defendant Steele.

The Plaintiff presents a Virginia common law of tort battery. It is not a federal law or a part of the U.S. Constitution. Furthermore, Defendant Assistant Commonwealth's Attorney Steele was not at the moment/of the alleged tort battery acting in either an official capacity or a personal capacity as defined by *Kentucky v. Graham,* 473 U.S. 159, 165-167 (1985). Assistant Commonwealth's Attorney Steele was not operating under the color of law and state law is not to be enforced in federal court through § 1983. Section 1983 imposes liability for violations of rights protected by the U.S. Constitution and Federal law. And not for violations of duties arising out of common law of tort law. *Edison v. Owen,* 515 Fed. 3d 1139, 1158 (10th Circuit 2008). Also in the Virginia Code §8.01-195.6 the Virginia law states that "every claim acknowledgeable against the Commonwealth…shall be forever barred unless the claimant or his attorney has filed a written statement of the nature of the claim within one year after such cause of action occurred. That year has passed.

There is also, as to the "color or law," the very recent Federal case from the Western District of Virginia based on cases of the Fourth Circuit.

11

> *Accordingly, "[t]he color of law requirement excludes from the reach of Section 1983 all "merely private conduct, no matter how discriminatory or wrongful."… And the ultimate question of whether an actor was a state actor or functioning under color of law is a question of law for the Court.*

See, *Nexus Services, Inc. v. Vance* (W.D. Va. 2018). Case no.: 5:17-CV-00072. The reference is also made from the Third Circuit 1997 case of *Bonenberger v. Plymouth, TWP*, 132 Fed. 20, 24, stating that

> *A state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law.*

Now to the Commonwealth of Virginia claim. The Virginia claim of battery tort requires allegation of an "intentional" tort of battery, for "battery in tort law is exclusively an intentional tort. So if the Defendant accidently comes in contact with the Plaintiff, that action would sound in negligence." And the requirements are that, in this case, that (a) Assistant Commonwealth's Attorney Steele engaged in <u>volitional</u> activity and (b) that he <u>intended to violate</u> the legally protected interest of another in his person.

12

Negligence, in contrast, consists of the failure to exercise ordinary care which includes heedlessness, inattention, and inadvertence, which can be sufficient for liability and negligence.

See *Mayr v. Osborne* (Va. 2017) Supreme Court of Appeals of Virginia Record No.: 151985, the third and fourth pages.

Ms. Wilcox herself proves by what she says in her First Amended Complaint that she made no statement or indication that Phillip Steele (a) engaged in a volitional activity, that being a cognitive process by which an individual decides on and commits to a particularly course of action[1] and (b) <u>intended to violate a legally protected interest</u> of Ms. Wilcox. An/the allegation made by Ms. Wilcox in her First Amended Complaint proving that Phillip Steele did not (a) engage a cognitive process by which an individual decides on and commits to a particularly course of action and (b) that he did <u>not intend to violate</u> the legally protected interest of Ms. Wilcox, is, *inter alia* the following Wilcox allegation:

Paragraph 33 at page 5 of the Wilcox First Amended Complaint refers to the email sent to Commonwealth Attorney Lyons on November 30, 2016 which states the following:

*Nathan,*

---

[1] Wikipedia, Volition (psychology) (Exhibit I)

*I left work early because I was upset about an incident that occurred this morning.*

*Around 10 am, I was standing in Teddy's office near the door to the kitchen. Mike was standing at the threshold between his and Teddy's office. Phillip was standing behind me in the kitchen. Teddy was talking about having to stand up to some relatives who were rough-housing with his daughter. I told Teddy he was right to stand up for his daughter. Teddy then said his wife was upset at him for running off the relatives. From behind me Phillip shoved me in the right shoulder hard! It hurt! Phillip mumbled something about women. I asked what that was for, and saying not to use me as a demonstrative evidence.*

*I am very disturbed and upset by this incident.*

*I had just spoke with Phillip just minutes before about a case. He was cordial and even chatted about Thanksgiving.*

*I have a mammogram in the morning so I will be late.*

See Exhibit H.

And there is Ms. Wilcox's paragraph numbered 46. The sentence which states, "In order to be able to work in a less hostile environment, <u>Ms. Wilcox informed Mr. Steele that she wished to leave the incident in the past.</u>

14

Case 7:17-cv-00530-MFU-RSB   Document 35   Filed 05/09/18   Page 14 of 16   Pageid#: 334

The Court needs to go no further than this email (Exhibit H) from Ms. Wilcox to grant the Motion by Defendant Steele of the 12 (b) (6), this email being presented to the Court as allowed, authorized and required by Rule 8 (c) (1) and the necessity of the Affirmative Defense.

Exhibit H and Ms. Wilcox's paragraph 46 *inter alia* refutes the Plaintiff's claim of a Virginia Common Law of Tort Battery.

For the reasons set forth herein Defendant Commonwealth Attorney Nathan Lyons and Assistant Commonwealth Attorney Phillip Steele move the Court for dismissal of the Plaintiff's claims.

Respectfully Submitted,<br>
Commonwealth Attorney Nathan Lyons<br>
Assistant Commonwealth Attorney Phillip Steele<br>
BY COUNSEL

Henry S. Keuling-Stout
Keuling-Stout, P.C.
125 Clinton Avenue East
P.O. Box 400
Big Stone Gap, Virginia 24219
VSB #15289
Tel: 276-523-1676
Fax: 276-523-1608
By:/s/Henry S. Keuling-Stout
    Henry S. Keuling-Stout, Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Response to First Amended Complaint by electronically filing if need be copy of same by U.S. mail, postage paid to the following on this 9[h] day of May, 2018 to:

Thomas Strelka, Esquire
L. Leigh R. Strelka, Esquire
Strelka Law Office, P.C.
119 Norfolk Avenue SW
Suite 330, Warehouse Row
Roanoke, Virginia 24011
Attorney of the Plaintiff

Jennifer D. Royer, Esquire
Royer Law Firm, P.C.
Post Office Box 4525
1901 Denniston Ave, S.W.
Roanoke, Virginia 24015
Attorney of Defendant Carroll County

<u>Henry S. Keuling-Stout</u>

C:\SharedData\WORKING DOCS\1032\238\016. Answer.docx